# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT THEOPHILUS DAUPHIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN McHUGH, Secretary of the )<br>Army, )<br>)<br>Defendant. ) | Case No. CV409-156 |

## REPORT AND RECOMMENDATION

Plaintiff Robert Dauphin has filed his second pro se employment discrimination complaint against the Secretary of the Army, again seeking to proceed in forma pauperis (IFP). *See Dauphin v. Geren*, No. CV409-141, 2009 WL 3233148 at * 2 (S.D. Ga. Oct. 7, 2009) (dismissed for lack of exhaustion). As he lacks sufficient resources to prepay the filing fee, the Court **GRANTS** Dauphin's motion for leave to proceed IFP, but because it is clear that his complaint is meritless, it should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Under § 1915(e)(2), which governs in forma pauperis proceedings in the federal courts, the Court is authorized to dismiss sua sponte an action if it determines that the plaintiff has not stated a valid claim for relief. This power "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Dauphin's complaint in this case does not include any allegation of jurisdiction and does not specify any legal theory for recovery. (Doc. 1 at 3.) Nonetheless, he is clearly endeavoring to assert some type of employment discrimination claim:

> On February 15, 2009, the Department of the Army terminated my employment after willfully and blatantly discriminating against me. [And] [o]n November 29, 2006, the Department of the Army willfully discriminated against me by banning me from entering the installation.

(Doc. 1 at 3.) Dauphin, however, has not provided any facts whatsoever supporting his assertion of illegal discrimination. A complaint asserting

only legal conclusions, without any supporting factual averments, simply does not meet the minimum pleading requirements of the civil rules.

Although pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). But legal conclusions, even when couched as factual allegations, are not entitled to be accepted as true. *Iqbal*, 129 S.Ct. at 1950.

Thus, while a detailed recitation of the facts is not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Here, Dauphin has only offered the conclusory averment that he was discriminated against. Such bare allegations are inadequate to survive screening. *Id.* at 1949-50. Absent some factual allegations explaining the basis for his discrimination claim, Dauphin has not shown that he is entitled to any relief.[1]

---

[1] Further, as the Court informed Dauphin in his previous case, the exclusive judicial remedy for claims of employment discrimination by federal employees is Title VII of the Civil Rights Act of 1964. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976). But before an aggrieved federal employee can bring a lawsuit under Title VII, he must first exhaust his available administrative remedies. In Dauphin's case, he was required to file a charge with the Army's Equal Employment Opportunity Office and receive a letter from that Office notifying him of his right to sue before initiating an employment discrimination suit in this Court. *Bond v. Dep't of Air Force*, 202 F. App'x 391, 393 (11th Cir. 2006) ("Before filing an employment discrimination action, federal employees are required to file a formal complaint with the agency . . . that allegedly discriminated against them."); *see also* 29 C.F.R. § 1614.106. Dauphin has

For all of the reasons explained above, Dauphin's case should be **DISMISSED** for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this  19th  day of October, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

not attached a right-to-sue letter from such an agency, so the Court cannot determine whether his claim has been properly exhausted.